# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-00665 RS (NC) |
| Plaintiff, | |
| v. | **Order Denying Motion for Release on Bail** |
| DANIEL SANTIAGO, | |
| Defendant. | |

This Court, on defendant Daniel Santiago's motion for release on bail, held a detention hearing under 18 U.S.C. § 3142(f) on May 15, 2013. Santiago is charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In a trial before District Court Judge Richard Seeborg that ended May 7, 2013, the jury could not reach a unanimous verdict and the Court declared a mistrial. The government has stated that it will try again, and a new trial date is set for August 5, 2013.

This order denies Santiago's motion for release, concluding that there has not been a change in circumstances that alters the Court's previous analysis that no condition or combination of conditions will reasonably assure (1) future appearances of the defendant, and (2) the safety of the community.

## PROCEDURAL HISTORY

The Court first ordered Santiago's detention pending trial on December 6, 2012, finding that the government established that no condition or combination of conditions will reasonably assure (1) future appearances of the defendant, and (2) the safety of the community.  Dkt. No. 19.  On January 16, January 23, and March 6, 2013, the Court considered requests by the defense for reconsideration of the detention order.  In sum, at those hearings, both parties presented arguments on the weight of the evidence and Santiago asserted that he had an offer of employment if he were released, and a custodian who would help to assure his compliance with release conditions.  The Court denied Santiago's requests for release.  Dkt. Nos. 26, 39.

Santiago was tried by jury.  The jury did not reach a unanimous verdict and the Court declared a mistrial.  The parties reported at the detention hearing, and the jury notes seem to confirm, that the jury was 11-1 in favor of conviction at the close of its deliberations.  Dkt. No. 142 at 10.  The government has elected to re-try Santiago.

Santiago asks the Court to reconsider its prior detention order, asserting that based on the evidence presented at trial, the "weight of the evidence" has shifted in his favor and establishes that he should be released.

## ANALYSIS OF BAIL FACTORS UNDER § 3142(g)

In evaluating whether a person charged with an offense should be detained, released, or released on conditions, the Court must take into account available information concerning: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).  Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilty.  *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

A finding that a defendant is a danger to the community must be supported by clear and convincing evidence.  A finding that a defendant is a flight risk must be supported by a preponderance of the evidence.  18 U.S.C. § 3142(f); *United States v.*

1   *Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).  Only in rare circumstances should
2   release be denied, and doubts regarding the propriety of release should be resolved in the
3   defendant's favor.  767 F.2d at 1405.
4       In this case, the government asserts that there is no combination of conditions of
5   release that would "reasonably assure" future appearances of Santiago and assure the
6   "safety of any other person or the community."  There is no presumption of detention
7   that applies in this case.
8       Almost all of the detention factors previously considered by the Court in this case
9   are unchanged.  The charge is the same; the history of the defendant is the same; and the
10  danger to the community from release is the same.  The only factor that may have
11  changed is the weight of the evidence, which is the least important factor.
12      At the May 15 detention hearing, the parties agreed that the jury's deliberations
13  were 11-1 in favor of conviction and the parties agreed that the Court could consider this
14  information in weighing the detention question.  Neither party could point to a
15  controlling authority.  In *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991),
16  the Ninth Circuit, reviewing a detention order against a defendant who was facing a
17  retrial after his first conviction was reversed, found that a defendant's knowledge that a
18  jury had previously rejected his defense made it more likely that he would flee.  By
19  analogy here, Santiago's knowledge that the first jury to hear his case was 11-1 against
20  him could make him more likely to flee before retrial.
21      On balance, the Court does not need to speculate about what a second jury will
22  decide.  Based on the totality of the evidence presented, the Court is not persuaded that
23  the weight of the evidence has shifted in Santiago's favor.  Therefore, Santiago's motion
24  for release is denied.
25      IT IS SO ORDERED.
26
27      DATE: May 24, 2013
28

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Order Denying Motion for Release
Case No. 12-CR-00665 RS (NC)          3